UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS JAVIER ESPINOZA-CABRERA and FRANKLIN AMADEO TENECELA-AGUAIZA,<br>Defendants. | ) | CRIMINAL ACTION NOS.<br>8:25-po-00161-GLF-1<br>8:25-po-00162-GLF-1 |

TRIAL BY COURT ON STIPULATED FACTS AND SENTENCING
Thursday, February 12, 2026
Plattsburgh, New York

BEFORE:

THE HONORABLE GARY L. FAVRO,
Magistrate Judge

APPEARANCES:

DOUGLAS G.N. COLLYER, AUSA, U.S. Attorney's Office, 14 Durkee Street, Room 340, Plattsburgh, NY 12901, Counsel for the Government

JEREMY SPORN, AFPD, Office of the Federal Public Defender, 54 State Street, Suite 310, Albany, NY 12207, Counsel for the Defendants

PELAYO RODRIGUEZ, INTERPRETER

CARLOS JAVIER ESPINOZA-CABRERA, DEFENDANT

FRANKLIN AMADEO TENECELA-AGUAIZA, DEFENDANT

Johanna Massé, RMR, CRR
Official Court Reporter
P. O. Box 5852
Burlington, VT 05402
802-951-8102 | 802transcripts@gmail.com

Thursday, February 12, 2026

(The following was held in open court at 9:00 AM.)

COURTROOM DEPUTY: We are on the record.

Today is Thursday, February 12, 2026. Time is 9:00 AM. Case is United States of America v. Carlos Javier Espinoza-Cabrera and Franklin Amadeo Tenecela-Aguaiza.

Appearances for the record, please.

MR. COLLYER: Douglas Collyer for the United States.

Good morning, Your Honor.

MR. SPORN: Jeremy Sporn, Federal Public Defender's Office, on behalf of Tim Austin this morning for both defendants.

Your Honor, Mr. Tenecela-Aguaiza is just to my left. Mr. Espinoza-Cabrera is to the left of Dr. Rodriguez. Good morning, Your Honor.

THE COURT: Good morning.

COURTROOM DEPUTY: I need -- I'm sorry. Pelayo, I need to place you under oath. Please raise your right hand.

(The interpreter was sworn.)

THE INTERPRETER: Yes, I do, ma'am.

THE COURT: For purposes of the record, it is my understanding that this will be a trial on stipulated facts and that neither party anticipates calling any witnesses. Is that correct?

MR. COLLYER: Yes, Your Honor.

MR. SPORN: Yes, Your Honor.

THE COURT: Given those circumstances, does the Government consent to proceed using a local interpreter rather than a certified interpreter?

MR. COLLYER: Yes, Your Honor.

THE COURT: And does the defense also consent to using a local interpreter and not a certified interpreter for these proceedings?

MR. SPORN: We do, Your Honor, yes.

THE COURT: It is my understanding that each defendant has indicated an intention to proceed on stipulated facts and that they understand that process. Is that correct, Mr. Sporn?

MR. SPORN: Yes, Your Honor, it is.

THE COURT: And do the defendants consent to having both matters handled and tried together and not separately?

MR. SPORN: Yes.

THE COURT: Before we can proceed with the trial on stipulated facts, I must be satisfied that each of you is mentally competent to proceed, that you understand the charge you are facing, that you understand the procedure of having a trial on stipulated facts, that you understand the rights you give up when you proceed in that manner, and that you understand that I will make a decision based upon those stipulated facts and without any witnesses being called by either party.

To ensure that you understand everything and that these conditions have been satisfied, you will be placed under oath to tell the truth, and I will be asking you some questions.

Swear in each defendant.

COURTROOM DEPUTY: Please raise your right hand.

(The defendants were sworn through the interpreter.)

DEFENDANT TENECELA-AGUAIZA: (Through the interpreter) Yes.

DEFENDANT ESPINOZA-CABRERA: (Through the interpreter) Yes.

THE COURT: You will be answering my questions while under oath to tell the truth. If you were to lie while under oath, you could face a new criminal charge for lying under oath, commonly known as perjury. Do each of you understand this?

DEFENDANT ESPINOZA-CABRERA: Yes.

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: Please remind them they have to speak and not just shake their head, and loudly enough so we can hear everything.

DEFENDANT TENECELA-AGUAIZA: Okay.

DEFENDANT ESPINOZA-CABRERA: Okay.

THE COURT: Mr. Espinoza-Cabrera, state your full name.

DEFENDANT ESPINOZA-CABRERA: Carlos Javier

Espinoza-Cabrera.

THE COURT: How old are you?

DEFENDANT ESPINOZA-CABRERA: Twenty-nine years old.

THE COURT: You're a citizen of what country?

DEFENDANT ESPINOZA-CABRERA: Ecuador.

THE COURT: Are you able to understand what is being said this morning with the help of our interpreter?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: Are you married?

DEFENDANT ESPINOZA-CABRERA: No.

THE COURT: Any children?

DEFENDANT ESPINOZA-CABRERA: No.

THE COURT: When you work, what type of work do you do?

DEFENDANT ESPINOZA-CABRERA: Resin, epoxy.

THE COURT: Have you been treated recently for any type of mental illness or mental condition?

DEFENDANT ESPINOZA-CABRERA: No.

THE COURT: Have you taken any pills, drugs, or medicine in the last 24 hours?

DEFENDANT ESPINOZA-CABRERA: No.

THE COURT: Do you need more time to speak to your attorney before we proceed today?

DEFENDANT ESPINOZA-CABRERA: No, no.

THE COURT: Has your attorney advised you of your

rights?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: Are you satisfied with your legal representation?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: Has anyone promised you anything in exchange for your agreement to proceed today?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: What were you promised?

DEFENDANT ESPINOZA-CABRERA: No, I'm sorry. I didn't understand. Can you say that again?

THE COURT: My question is: Did anyone promise you something in exchange for your agreement to proceed?

DEFENDANT ESPINOZA-CABRERA: No, none.

THE COURT: Has anyone threatened you in any way to force you to proceed today?

DEFENDANT ESPINOZA-CABRERA: No.

THE COURT: What you're doing today is of your own free will?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: These questions are for Mr. Tenecela-Aguaiza.

State your name.

DEFENDANT TENECELA-AGUAIZA: Franklin Amadeo Tenecela-Aguaiza.

THE COURT: How old are you?

DEFENDANT TENECELA-AGUAIZA: Twenty-three.

THE COURT: You're a citizen of what country?

DEFENDANT TENECELA-AGUAIZA: Ecuador.

THE COURT: Are you able to understand what is being said this morning with the help of our interpreter?

DEFENDANT TENECELA-AGUAIZA: A little bit.

(Counsel and Defendant Tenecela-Aguaiza conferred.)

THE INTERPRETER: To clarify, do you have any problems with the way I'm translating?

No.

THE COURT: Are you married?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Any children?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: When you work, what type of work do you do?

DEFENDANT TENECELA-AGUAIZA: Floors. Flooring. Resin and epoxy too.

THE COURT: Have you been treated recently for any type of mental illness or mental condition?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Have you taken any pills, drugs, or medicine in the last 24 hours?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Do you need more time to speak to your attorney before we proceed today?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Has your attorney advised you of your rights?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: Are you satisfied with your legal representation?

DEFENDANT TENECELA-AGUAIZA: Yes. Yes.

THE COURT: Has anyone promised you anything in exchange for how you proceed today?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Has anyone threatened you in any way to force you to proceed this way?

DEFENDANT TENECELA-AGUAIZA: No.

THE COURT: Are you proceeding of your own free will?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: And you do understand that this is a criminal court, not an immigration court?

DEFENDANT TENECELA-AGUAIZA: Yeah.

THE COURT: There are immigration consequences.

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: When these criminal proceedings are completed, you will appear before immigration judges or officials, and they will decide if you stay in this country or

if you are removed.

DEFENDANT TENECELA-AGUAIZA: Yes.

DEFENDANT ESPINOZA-CABRERA: Okay.

THE COURT: The Government and defense counsel have indicated to the Court that these two matters will proceed based upon stipulated facts. This means that both the Government and your attorney and you agree on what happened, that there is no question about the facts regarding what happened, and that I will make a decision based upon those facts. There will be no witnesses called. There will be no cross-examination. There will be no testimony. That is the process and procedure that will be followed today.

DEFENDANT TENECELA-AGUAIZA: Okay.

THE COURT: Mr. Espinoza-Cabrera, do you understand that?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: And do you agree to that procedure?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: And, Mr. Tenecela-Aguaiza, do you understand the procedure?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: And do you agree to proceed in that manner?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: By proceeding in that manner, you're

giving up some rights that you have, and I want to be sure that you understand the rights that you are giving up by proceeding in this manner. These rights are guaranteed to you by our laws and Constitution. They include the right to plead not guilty and have what I would call a regular trial on this charge.

If there was that type of trial, you are presumed to be innocent, and the Government would then have the burden of proving you were guilty beyond a reasonable doubt.

If there is a trial, your attorney appears with you at all times during the trial. You would see and hear the witnesses presented by the Government. Your attorney could question those witnesses as part of your defense.

If there was a trial, you could not be forced to testify. You would testify only if you voluntarily chose to testify. If you chose not to testify, that decision could not be used against you in any way.

If there's a regular trial, documents known as subpoenas can be issued. Those documents require witnesses to attend the trial and offer testimony or evidence as part of your defense.

If we proceed based on stipulated facts, we will not have that type of trial; witnesses will not be called; there will be no cross-examination of witnesses; and I will be asked to make a decision based upon the statements that you have signed, that your attorney has signed, and that the Government has signed agreeing that what is contained in the stipulated facts is a

true and accurate description of what happened.

Mr. Espinoza-Cabrera, do you understand all of that?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: And are you still willing to proceed based upon stipulated facts?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: And, Mr. Tenecela-Aguaiza, do you understand this?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: And do you agree to proceed based on the stipulated facts?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: Let the record show that based upon this preliminary hearing this morning, I am satisfied that each defendant is mentally competent to proceed based upon stipulated facts, that they understand the consequences and nature of this procedure, that they understand the rights they are giving up by proceeding in this manner, and that we may now proceed based upon stipulated facts.

Mr. Collyer, do you have a copy of the facts?

MR. COLLYER: I do, Judge.

THE COURT: I would then ask that you read them into the record, and I will then at the conclusion for each of them separately ask them if they can confirm and agree with what you have placed as the stipulated facts on the record.

MR. COLLYER: Your Honor, the Government seeks to prove with respect to each defendant that each is an alien and that each knowingly eluded examination or inspection by immigration officers.

With respect to Mr. Espinoza-Cabrera, the facts are that the defendant is an alien and citizen of Ecuador. Ecuadorian citizens require a visa to enter the United States.

On November 1st, 2025, the defendant did not have any documentation allowing him to be lawfully present in the United States.

On November 1st, 2025, a citizen reported a suspicious vehicle to the Ogdensburg Police Department. Members of the Ogdensburg Police Department stopped the vehicle in St. Lawrence County, New York.

At approximately 10:00 PM, a Border Patrol agent responded to the stop and encountered the defendant. During a brief interview, the defendant admitted that he is an alien and did not have authorization to be present in the United States. The defendant was transported to the Ogdensburg Border Patrol station.

The defendant stated he flew from Ecuador to Panama and then from Panama to the Bahamas, where he paid 20 U.S. dollars to be a passenger on a fishing boat that took him to Miami, Florida, on or about September 10th, 2021, when he unlawfully entered the United States near Miami, Florida. Thereafter, the

defendant had no contact with federal officials for any immigration-related purpose prior to his encounter with Border Patrol agents on November 1st, 2025.

At the station, his fingerprints were run through the IDENT/IAFIS fingerprint system. This system revealed the defendant had no record of legal admission into the United States, and there is no record that he had been previously inspected or examined by United States immigration authorities. There is also no record of the defendant engaging with the United States immigration authorities to seek legal status for remaining in the United States after he entered illegally in Miami.

With respect to Mr. Tenecela-Aguaiza, the facts are that the defendant --

THE COURT: Let me stop you there and we'll ask Mr. Espinoza-Cabrera.

Did you hear everything that the government attorney just read into the record?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: Can you confirm under oath that what the government attorney just read is true and accurate?

DEFENDANT ESPINOZA-CABRERA: Yes.

THE COURT: You may now proceed.

MR. COLLYER: With respect to Mr. Tenecela-Aguaiza, the defendant is an alien and citizen of Ecuador. Ecuadorian

citizens require a visa to enter the United States.

On November 1st, 2025, the defendant did not have any documentation allowing him to be lawfully present in the United States.

On November 1st, 2025, a citizen reported a suspicious vehicle to the Ogdensburg Police Department. Members of the Ogdensburg Police Department stopped the vehicle in St. Lawrence County, New York.

At approximately 10:00 PM, a Border Patrol agent responded to the stop and encountered the defendant. During a brief interview, the defendant admitted he is an alien and did not have authorization to be present in the United States. The defendant was transported to the Ogdensburg Border Patrol station.

The defendant stated that he entered the United States unlawfully near El Paso, Texas, in or around August 2021 and was not inspected or admitted by an immigration officer. Thereafter, the defendant had no contacts with federal officials for any immigration-related purpose prior to his encounter with Border Patrol agents on November 1st, 2025.

At the station, the defendant's fingerprints were run through the IDENT/IAFIS fingerprinting system. This check revealed defendant had no record of legal admission into the United States, and there is no record that he had previously been inspected or examined by United States immigration

authorities.

THE COURT: Mr. Tenecela-Aguaiza, did you hear everything that the government attorney just read into the record?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: Can you confirm under oath that what was read into the record is true and accurate?

DEFENDANT TENECELA-AGUAIZA: Yes.

THE COURT: Is there anything further that the Government would like to submit at this time?

MR. COLLYER: No, Your Honor.

THE COURT: And is there anything further that the defense would like to submit at this time?

MR. SPORN: Not as to facts, Your Honor.

THE COURT: Let the record show that the Court has received and reviewed the trial stipulation submitted by the Government and the defense and signed by each defendant, that each defendant has confirmed on the record that the recitation of facts as stipulated are true and accurate. The Court is satisfied that each defendant understands the nature of the proceedings and that they each understand that the Court will make a decision based upon those facts and there will be no witnesses and no further submissions on the issue of what happened.

I have reviewed these trial stipulations prior to this

morning's proceedings. Based upon the stipulated facts as submitted to the Court in each case, it is the finding of the Court --

MR. SPORN: Your Honor, before the Court enters a finding, I would like to just restate our position as to the law and re-express our objections to the Court's prior finding in the motion to dismiss. I think the better practice is to put that on the record prior to the Court making --

THE COURT: I was going to incorporate that in my statement and also reference the trial stipulation, but you may do that now if you'd like on the record.

MR. SPORN: Thank you, Your Honor. Just belt-and-suspenders approach.

I would adopt all of Mr. Austin's arguments he made in the motion to dismiss, in his reply, and his trial brief. We continue to adhere to that position.

Very briefly, there are four overarching points I just want to put on the record as to our position today and previously, for that matter.

Number one is that 1325(a)(2) should not be considered a continuing offense.

Number two, that it's an offense that takes place at the border, not just at the border but at a functioning, viable port of entry where examination and inspections take place.

Number three, that eluding the (a)(2) prong of the statute

requires some deceptive or sly or artifice-type conduct beyond just coming into the country, the -- the entry itself.

And then number four, I would just reiterate in the instructions the second element that eluding needs to be done knowingly, so there is a mens rea requirement to eluding conduct that seemingly requires something beyond just coming into the country, which is what we submit all the facts here prove, that both defendants came into the country not in this district and that they've done no elusive conduct in the Northern District of New York. In fact, it's just the opposite. What they did here was submit or acquiesce to Border Patrol's questions.

So for those reasons, we would ask for the Court to enter a -- either a judgment of acquittal or a finding of not guilty both for reasons as to venue, the offense not being committed in the Northern District, and to the sufficiency of the evidence overall. Thank you.

THE COURT: Anything from the Government?

MR. COLLYER: Your Honor, I know the Court is well aware of the law and facts of this particular case. As acknowledged by Mr. Sporn, this is a restatement of arguments already rejected by this court.

With respect to the mens rea argument, the -- both defendants acknowledged during the roadside interview that they were unlawfully present in the United States and therefore were

knowingly here and knowingly avoiding immigration officers' inspection. So we would ask the Court make a finding of guilty for each defendant. Thank you.

THE COURT: Based on the proceedings today and prior proceedings, the Court finds that each defendant is fully competent and capable of proceeding in the manner described this morning on stipulated facts, that their decision to proceed is voluntary, that they understand the charge and the consequences of proceeding in this manner.

Based upon the stipulated facts, it is the finding of the Court that each defendant is guilty of a violation of Title 8, United States Code, Section 1325(a)(2), and that all elements of the offense as charged have been satisfied by the stipulated facts as submitted to the Court. As a result, each defendant is hereby adjudged guilty of the violation of Title 8, United States Code, Section 1325.

This finding is based upon the stipulated facts, and the record should reflect that the defendants are not waiving any arguments set forth in the prior motion to dismiss and as summarized by Mr. Sporn on the record this morning and that all rights of appeal have been preserved with regard to the prior motion to dismiss which was ruled upon by this court and the finding based upon the stipulated facts today.

Do the defendants wish to proceed directly to sentencing, Mr. Sporn?

MR. SPORN: We do, Your Honor, yes.

THE COURT: Any objection from the Government?

MR. COLLYER: No, Your Honor.

THE COURT: Mr. Collyer, you may proceed with any information you have on the issue of sentencing.

MR. COLLYER: Neither defendant have any known criminal history. Mr. Espinoza-Cabrera did, however, use a smuggler to be brought to Miami, and so he supported the network of for-profit smuggling that exists on the United States borders.

Mr. Tenecela-Aguaiza applied for a B1/B2 visa in 2016, which was denied, but that demonstrates that he knows the proper way to come to the United States and simply would not take no for an answer.

So the United States respectfully requests a period of incarceration commensurate with the crime, no fine, and a special assessment be remitted as uncollectable. Thank you.

THE COURT: Mr. Sporn, you may proceed.

MR. SPORN: Thank you, Your Honor.

I think both defendants would have been good and ideal candidates for a sentence of time served in November. They chose an alternate route for obvious reasons, and they've therefore now been in custody for over three months.

Mr. Espinoza-Cabrera is a little bit older than Mr. Tenecela-Aguaiza, but they are in similar situations as to

each other with no prior criminal or arrest history. Both were employed. They were in the district working at the time they were encountered by Border Patrol. They seek to get on with their lives either here in the United States if they're permitted to stay here or back in Ecuador if they are deported, and for those reasons, we would ask for a sentence of time served. Thank you.

THE COURT: You are not required to say anything at this time. Your attorney has requested that no additional jail time be imposed against you, that there would be no fine, and there would be no special assessment. If there is something you'd like to say to me on the issue of your sentence, though, you may speak now.

DEFENDANT TENECELA-AGUAIZA: I'm good.

DEFENDANT ESPINOZA-CABRERA: I'm good.

THE COURT: The Court sentences each defendant to time served. There will be no fine. The special assessment will be remitted as uncollectable. Due to the unusual circumstances of these proceedings, these defendants have been in custody for a period of time that exceeds the usual and customary sentence imposed by this court for violations of this section of law. Those circumstances fully support the time-served sentence.

Each of you now has a record of illegal entry and eluding examination by immigration officials. If you're ever caught in the future entering illegally, you would face a much more

severe charge and punishment as a result of today's conviction.

You have the right to appeal this conviction if you feel your guilty plea *[sic]* was somehow unlawful or involuntary or if there was some defect in the proceedings not waived by your guilty plea. You also have the right to appeal your sentence if you feel it violates the law.

A notice of appeal must be filed within 14 days of the entry of the judgment in your case. I anticipate that will occur today. If you cannot afford to pay the cost of an appeal, you may apply to file an appeal without the payment of costs.

Mr. Collyer, is there anything further from the Government on either of these cases?

MR. COLLYER: No, Your Honor. Thank you.

THE COURT: Mr. Sporn, anything further from the defense on either of these cases?

MR. SPORN: No, Your Honor. Thank you.

THE COURT: These cases are now concluded. Thank you all.

Good luck to both of you.

(Court was in recess at 9:31 AM.)

C E R T I F I C A T I O N

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

February 26, 2026

Johanna Masse Digitally signed by Johanna Masse Date: 2026.02.27 09:55:38 -05'00'

Johanna Massé, RMR, CRR